1   STEPHEN J. AKERLEY (S.B. #160757)
      sakerley@omm.com
2   ERIC AMDURSKY (S.B. #180288)
      eamdursky@omm.com
3   PETER T. SNOW (S.B. #222117)
      psnow@omm.com
4   O'MELVENY & MYERS LLP
    2765 Sand Hill Road
5   Menlo Park, California  94025
    Telephone:    (415) 984-8700
6   Facsimile:    (415) 984-8701

7   JILLIAN R. WEADER (S.B. #251311)
      jweader@omm.com
8   O'MELVENY & MYERS LLP
    2 Embarcadero Center, 28th Floor
9   San Francisco, CA 94111
    Telephone:    (415) 984-8700
10  Facsimile:    (415) 984-8701

11  Attorneys for Defendants
    DeviceVM, INC. a Delaware corporation, and
12  BENEDICT CHONG, an individual

13

14              **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16

17  PHOENIX TECHNOLOGIES, LTD., a        CASE NO.  C 09-04697
    Delaware corporation,
18                                        **DEFENDANTS' NOTICE OF MOTION**
                  Plaintiff,              **AND MOTION TO DISMISS COUNTS 2, 3,**
19                                        **4, AND 5 OF THE FIRST AMENDED**
            v.                            **COMPLAINT PURSUANT TO FED. R.**
20                                        **CIV. P. 12(b)(6); MEMORANDUM OF**
    DEVICEVM, Inc., a Delaware corporation,  **POINTS AND AUTHORITIES IN**
21  and BENEDICT CHONG, an individual,    **SUPPORT THEREOF**

22                Defendants.             Date:    November 17, 2009
                                          Time:    2:00 p.m.
23                                        Judge:   The Honorable Elizabeth D. Laporte
                                                   Courtroom E, 15th Floor
24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 17, 2009, at 2:00 p.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Elizabeth D. Laporte of the above-entitled Court, located in Courtroom E, Fifteenth Floor, 450 Golden Gate Avenue, San Francisco, CA, 94102, defendants DeviceVM, Inc. ("DeviceVM") and Benedict Chong ("Defendants") shall and hereby do move the Court for an order dismissing without leave to amend Plaintiff's claims for Interference With Contract (Count 2), Constructive Trust (Count 3), Unfair Business Practices (Count 4), and Conversion (Count 5)[1] in Plaintiff's First Amended Complaint (the "Amended Complaint").

This Motion is brought pursuant to the California Uniform Trade Secrets Act (the "CUTSA") (Cal. Civ. Code §§ 3426-3426.11) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Counts 2, 4, and 5 of the Amended Complaint are preempted by the CUTSA and that Count 3 fails to state a valid cause of action. This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, all files, pleadings, and records in this action, and such additional matters as may be judicially noticed by the Court or may come before the Court prior to or at the hearing on this matter.

**STATEMENT OF RELIEF SOUGHT**

Defendants respectfully request that the Court dismiss Counts 2, 4, and 5 of the Amended Complaint. The issues to be decided are whether the CUTSA preempts Counts 2, 4, and 5 (Plaintiff's claims for interference with contract, unfair competition, and conversion), and whether Count 3 (constructive trust) states a valid cause of action under California law.

---

[1] The caption in the Amended Complaint numbers the Counts differently than they are numbered in the body of the document. Here, the numbers refer to the Counts as they are found in the body of the Amended Complaint.

MOTION TO DISMISS
CASE NO. C 09-04697

1

## INTRODUCTION

2   Plaintiff seeks damages and other relief against Defendants DeviceVM and Benedict

3   Chong, an employee of DeviceVM, for alleged misappropriation of trade secrets under the

4   CUTSA.  While the Amended Complaint asserts six causes of action: (1) breach of contract, (2)

5   interference with contract, (3) constructive trust, (4) unfair business practices, (5) conversion, and

6   (6) trade secret misappropriation, each claim is based on the same operative factual allegation that

7   Mr. Chong and DeviceVM misappropriated Plaintiff's trade secrets.   Under established

8   precedent, the CUTSA preempts, and therefore bars, any claims based on the same nucleus of

9   facts as Plaintiff's trade secret claim, except for a small number of causes of action explicitly

10   identified by the CUTSA.  *See* Cal. Civ. Code § 3426.7; *KC Multimedia, Inc. v. Bank of Am.*

11   *Tech. & Operations, Inc.,* 171 Cal. App. 4th 939, 954, 958-59 (2009).

12   Because Plaintiff's claims for interference with contract, unfair competition, and

13   conversion (Counts 2, 4, and 5) are based on the same allegations underlying Plaintiff's trade

14   secret claim, they are preempted and must be dismissed as a matter of law.

15   The Amended Complaint's claim for "constructive trust" must also be dismissed, because

16   it is a remedy, not a valid cause of action.  Moreover, even if constructive trust were a viable

17   claim, it too is based on the same allegations as Plaintiff's trade secret claim.  For that reason, it

18   would also be preempted by the CUTSA and subject to dismissal.

19   Because no additional facts can cure the defects of Counts 2, 3, 4 and 5 of the Amended

20   Complaint, they should be dismissed with prejudice.

21

## BACKGROUND

22   Founded in 2006, DeviceVM is a privately held software company headquartered in San

23   Jose, California.  DeviceVM's leading product is Splashtop®, an award-winning "instant-on"

24   software platform that allows computer users to rapidly access the Web and key applications

25   without booting their computer's main operating system.  Benedict Chong is a DeviceVM

26   employee.  Chong worked for Plaintiff from 1996 until November 2004 and was hired by

27   DeviceVM in 2007.

28

1

On July 17, 2009, Plaintiff filed suit against Chong and DeviceVM in Santa Clara County Superior Court (*Phoenix Techs., Ltd. v. DeviceVM and Benedict Chong*, case number 109-cv-147626).  On August 31, 2009, prior to serving the Complaint on either Defendant, Plaintiff filed the Amended Complaint.  The Amended Complaint alleges that Chong breached the Employee Inventions and Proprietary Information Agreement he signed as a condition of employment with Plaintiff.  Am. Compl. ¶¶ 9, 39.  Plaintiff further alleges that DeviceVM has misappropriated Plaintiff's proprietary information through Chong and included this information in DeviceVM's Splashtop® product.  Specifically, Plaintiff alleges that DeviceVM used Plaintiff's proprietary information in U.S. Patent No. 7,441,113 (owned by DeviceVM) and in six DeviceVM patent applications (U.S. Provisional Patent Application No. 60/890,121, International Patent Application No. PCT/US07/72778, and U.S. Patent Application Nos. 12/184,374, 12/200,758, 12/239,701, and 11/772,700).  Am. Compl. ¶¶ 28-34.

On October 1, 2009, Defendants timely removed the case to this Court pursuant to its federal question jurisdiction under 28 U.S.C. § 1441(a).  Defendants now move to dismiss Counts 2, 3, 4, and 5 of the Amended Complaint.  Counts 2, 4, and 5 (for interference with contract, unfair business practices, and conversion) must be dismissed because they are preempted by the CUTSA.  Count 3 (constructive trust) must be dismissed because it is not a valid cause of action and in any event would also be preempted by the CUTSA.

## I.    MOTION TO DISMISS STANDARD

A complaint must present a short and plain statement of the claims showing that the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  While a court must accept a plaintiff's allegations as true on a motion to dismiss, those allegations must be sufficient to raise the right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Moreover, the tenet that a court must accept as true all well-pleaded factual allegations is inapplicable to legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Moreover, the liberal pleading requirement of Rule 8 does not protect a legally insufficient claim from a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *In re Methyl Tertiary*

1  *Butyl Ether (MTBE) Prods. Liab. Litig.*, 379 F. Supp. 2d 348, 370 (S.D.N.Y. 2005) (citing

2  *Kirksey v. R.J. Reynolds Tobacco Co*., 168 F.3d 1039, 1041 (7th Cir.1999)).

3  **II.    THE CUTSA PREEMPTS COUNTS 2, 4, AND 5**

4           **A.    The CUTSA Preempts All Claims Based On The Same Allegations As
                 Plaintiff's Trade Secret Claim, Unless Such Claims Are Expressly Exempted**

5

6          The CUTSA preempts all claims based on allegations of trade secret misappropriation that

7  are not specifically exempted by the CUTSA's savings clause.  *See Digital Envoy, Inc. v. Google,*

8  *Inc*. 370 F. Supp. 2d 1025, 1034-35 (N.D. Cal. 2005).  The CUTSA preemption provision (Cal.

9  Civ. Code § 3426.7) states, in relevant part:

10             (a) Except as otherwise expressly provided, this title does not
               supersede any statute relating to misappropriation of a trade secret,
11             or any statute otherwise regulating trade secrets.
               (b)  This title does not affect (1) contractual remedies, whether or
12             not based upon misappropriation of a trade secret, (2) other civil
               remedies that are not based upon misappropriation of a trade secret,
13             or (3) criminal remedies, whether or not based upon
               misappropriation of a trade secret.
14

15  Courts have consistently held that this section "implicitly preempts alternative civil remedies

16  based on trade secret misappropriation" by its express language that statutory remedies and

17  particular common law remedies are not affected.  *KC Multimedia,* 171 Cal. App. 4th at 954, 958-

18  59 (citations omitted).

19         The standard for applying section 3426.7(b) is clear:  state tort claims are preempted if

20  they arise from the same nucleus of facts as the claim for misappropriation of trade secrets.  *KC*

21  *Multimedia*, 171 Cal. App. 4th at 960-61 (citing *Digital Envoy,* 370 F. Supp. 2d at 1035).

22  Applying this standard, numerous federal and state courts have dismissed claims on preemption

23  grounds under the CUTSA at the pleadings stage.  *See, e.g., AirDefense, Inc. v. Airtight Networks,*

24  *Inc.,* No. 05-04615, 2006 WL 2092053, at * 3-4 (N.D. Cal. July 26, 2006)[2] (dismissing claims for

___

25  [2] The *AirDefense* opinion is an Order Granting a Motion to Dismiss that Judge Fogel designated
    "not for publication."  2006 WL 2092053 at n. 1.  However, this Court has cited *AirDefense* as
26  authority numerous times in its opinions on the same issues raised by Defendants' Motion to
    Dismiss.  *See Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*, No. 08-3931, 2009 WL 55178, at * 5
27  (N.D. Cal. Jan. 7, 2009) (citing *AirDefense*, 2006 WL 2092053, at *4-5); *Monolithic Power Sys.,*
    *Inc. v. O2 Micro Int'l Ltd.,* Nos. 04-2000, 06-2929, 2007 WL 801886 (N.D. Cal. Mar. 14, 2007)
28  (citing, e.g., *AirDefense*, 2006 WL 2092053).

MOTION TO DISMISS
CASE NO.  C 09-04697

1    conversion, unfair competition, interference with contractual relations, and other state tort claims

2    on preemption grounds, where complaint alleged that a former employee misappropriated

3    information in violation of a confidentiality agreement); *Axis Imex, Inc. v. Sunset Bay Rattan,*

4    *Inc.*, No. 08-3931, 2009 WL 55178, at * 5-6 (N.D. Cal. Jan. 7, 2009) (dismissing claims for

5    intentional interference with prospective economic relationship and common law and statutory

6    unfair competition, where a former independent contractor allegedly provided proprietary

7    information to plaintiff's competitor); *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.

8    Supp. 2d 941, 954 (N.D. Cal. 2003) (holding that a common law misappropriation claim against

9    competitor, former employee, and other individuals was preempted by the CUTSA on a motion to

10   dismiss).[3]  As in these cases, the claims in Plaintiff's Counts 2, 4, and 5 are based on the identical

11   allegations underlying Plaintiff's claim for purported trade secret misappropriation.  Because

12   these claims are not exempted by section 3426.7(b) of the CUTSA, they are preempted and must

13   be dismissed as a matter of law.

14       **B.    The Amended Complaint's Tort Claims Are Based On The Same Allegations**
            **That Underlie Plaintiff's Trade Secret Claim**

15

16        The Amended Complaint's claims all arise from an identical nucleus of facts.  According

17   to Plaintiff's allegations, Chong allegedly learned of certain unidentified proprietary information

18   while working for Plaintiff (Am. Compl. ¶¶ 16-26), and, over two years later, Chong and

19   DeviceVM allegedly used that information to file patent applications and secure issued patents for

20   DeviceVM (Am. Compl. ¶¶ 27-34).  Plaintiff's tort claims are explicitly based on this alleged

21   misappropriation of Plaintiff's proprietary information.  *See* Am. Compl. ¶ 46 (alleging

22   interference with contract "to deprive Phoenix of its property and legal rights"), ¶ 52 (alleging as

23   an unfair business practice the "misappropriation of confidential and Proprietary Information

24

25   ───────────────
     [3]In a few isolated instances, courts have opined that the issue of preemption is best determined at
     the summary judgment stage, when the court has resolved whether plaintiff has shown a
26   protectable trade secret.  *See Martone v. Burgess*, No. 08-2379, 2008 WL 3916022, at * 3 (N.D.
     Cal. Aug. 25, 2008).  However, such cases fail to properly apply the CUTSA preemption statute
27   and ignore copious precedent adjudicating preemption on a motion to dismiss.  *See, e.g.,*
     *AirDefense,* 2006 WL 2092053, at * 3-4; *Axis Imex,* 2009 WL 55178, at * 5-6; *AccuImage,* 260 F.
28   Supp. 2d at 954.

from Phoenix"), ¶ 58 (alleging conversion by "misappropriating," "taking," and "utilizing" Phoenix's confidential and Proprietary Information).

Courts have routinely held in cases based on similar allegations that tort claims against former employees for allegedly disclosing confidential company information to a competitor are preempted by the CUTSA.  *See, e.g., Axis Imex,* 2009 WL 55178, at * 5; *AccuImage*, 260 F. Supp. 2d at 954.  In *Axis Imex*, 2009 WL 55178, at * 5, the complaint alleged that a former contractor had learned proprietary information from plaintiff, then "went to work with [defendant], which thereafter produced nearly identical" products as plaintiff.  This Court held in *Axis Imex* that the plaintiff's intentional interference and unfair competition claims against the former employee were preempted by the CUTSA, stating, "As much as [plaintiff] would like to delink these facts from its trade secret misappropriation claim, they all relate to the same nucleus of facts underlying that claim.  If the 'trade secret' facts are removed from [the two tort claims], neither retains sufficient independent facts to survive." *Id.*

As in *Axis Imex*, Plaintiff here cannot delink its tort claims from the allegations upon which they are based: that Chong and DeviceVM allegedly misappropriated Plaintiff's proprietary information.  *See* Am. Compl. ¶¶ 41, 46, 47, 51-53, 56, 58.  Because these claims arise from the same nucleus of facts as Plaintiff's claim for trade secret misappropriation, they are preempted by the CUTSA.  *KC Multimedia,* 171 Cal. App. 4th at 958; *see also AirDefense,* 2006 WL 2092053, at * 3-4; *Axis Imex,* 2009 WL 55178, at * 5-6; *Digital Envoy,* 370 F. Supp. 2d at 1035; *AccuImage*, 260 F. Supp. 2d at 954; *Callaway Golf Co. v. Dunlop Slazenger Grp. Americas,* 318 F. Supp. 2d 216, 219-20 (D. Del. 2004) (applying California law and holding that conversion, unjust enrichment, and negligence claims were preempted by the CUTSA).

## C.    The CUTSA Preempts Plaintiff's Claim for Interference with Contract

The CUTSA "expressly preempts" a claim for "intentional acts . . . designed to induce breach or disruption of [a] contractual relationship." *AirDefense,* 2006 WL 2092053, at * 5. Plaintiff's claim for interference with contract (Count 2) falls squarely within this category of preempted claims.  Count 2 alleges that DeviceVM interfered with Chong's performance of the Employee Inventions and Proprietary Information Agreement, based on the identical nucleus of

5

1   facts as Plaintiff's misappropriation claim.  Am. Compl. ¶ 41.  The Amended Complaint does not

2   identify any allegations unique to the claim for interference with contract.  The only substantive

3   statements in Count 2 list the legal elements of tortious interference (existence of a contract and

4   inducement to breach) and allege that DeviceVM acted willfully.   Am. Compl.  ¶¶ 41-46.

5   Because Count 2 arises from the identical nucleus of facts as Plaintiff's misappropriation claim, it

6   is preempted by the CUTSA.  *KC Multimedia*, 171 Cal. App. 4th at 958.

7           Plaintiff's interference claim also falls directly within the statutory definition of the

8   conduct covered by the CUTSA.  The CUTSA defines "improper means" -- one of the elements

9   of trade secret misappropriation -- as including "inducement of a breach of a duty to maintain

10  secrecy."  Cal. Civ. Code § 3426.1(a).[4]  Count 2 specifically alleges that DeviceVM "induced

11  Chong to breach the [Employee Inventions and Proprietary Information] Agreement."  Because

12  this allegation falls within the statutory definition of "improper means of acquiring a trade

13  secret," Count 2 is clearly preempted by the CUTSA.  *See KC Multimedia*, 171 Cal. App. 4th at

14  961 (internal quotations and citation omitted); *see also AirDefense*, 2006 WL 2092053, at * 5.

15          **D.      The CUTSA Preempts Plaintiff's Claim For Unfair Business Practices**

16          Plaintiff's claim for unfair business practices (Count 4) again incorporates the same

17  general allegations underlying Plaintiff's claim for trade secret misappropriation. Am. Compl.

18  ¶ 51.  Count Four adds no additional facts but alleges that Defendants "engaged in unfair and

19  unlawful business practices[,]" "including, but not limited to, the misappropriation of confidential

20  and Proprietary Information of Phoenix."  *Id.* at ¶ 52.  While Plaintiff states its allegations are not

21  "limited to" misappropriation, Plaintiff does not identify any other practice on which its claim is

22  based.   Plaintiff's statutory unfair competition claim therefore "rests squarely on its factual

23  allegations of trade secret misappropriation" and is preempted by the CUTSA.  *KC Multimedia*,

24  171 Cal. App. 4th at 962; *see also On-line Techs., Inc. v. Bodenseewerk Perkin-Elmer GMBH*,

25  386 F.3d 1133, 1146 (Fed. Cir. 2004) ("All of [plaintiff's] allegations relate to the

26

27  _____

    [4] Cal. Civ. Code § 3426.1(a) (CUTSA definitions) specifically states that "'Improper means'

28  includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain
    secrecy, or espionage through electronic or other means."

                                                6                   MOTION TO DISMISS
                                                                    CASE NO.  C 09-04697

1    misappropriation of trade secrets, as is clear from [plaintiff's] complaint, which relies upon

2    [defendant's] alleged acquisition and use of [plaintiff's] confidential information.  As a result, we

3    agree with the trial court that [the] CUTSA preempts [plaintiff's] unfair trade practices claims.");

4    *compare Medimpact Healthcare Sys., Inc. v. SXC Health Solutions, Inc*., No. 08cv590, 2008 WL

5    4095192, at * 3 (S.D. Cal. Sept. 3, 2008) (where plaintiff alleged that defendants established a

6    competing venture with plaintiff's time and resources, in addition to misappropriating trade

7    secrets, the unfair competition claim was not based on the same nucleus of facts as the trade

8    secret claim and was therefore not preempted).   The California Court of Appeal in *KC*

9    *Multimedia*, 171 Cal. App. 4th at 962, explicitly stated that "[a] claim for common law or even

10   statutory unfair competition may be preempted under . . . § 3426.7 if it relies on the same facts as

11   the misappropriation claim." (Citations omitted).  Because Plaintiff's claim for unfair business

12   practices against DeviceVM and Chong relies entirely on the factual allegations supporting the

13   misappropriation claim, the claim is preempted by Cal. Civ. Code § 3426.7.

14        **E.        The CUTSA Preempts Plaintiff's Claim for Conversion (Count 5)**

15           The Amended Complaint's claim for conversion (Count 5) also incorporates the general

16   allegations of trade secret misappropriation which underlie all of Plaintiff's claims.  Am. Compl.

17   ¶ 56.  The only additional language in Count 5 re-alleges that Plaintiff owns certain information,

18   that Defendants purportedly converted the information by "misappropriating," "taking," and

19   "utilizing" it, and that DeviceVM willfully caused damages.  Am. Compl. ¶¶ 56-60.  Where

20   plaintiff "alleges that [defendant] wrongfully converted valuable property belonging to [plaintiff],

21   including [plaintiff's] proprietary and confidential information," the "claim is based on the same

22   facts as those underlying the claim for misappropriation of trade secrets" and therefore "is

23   preempted by the CUTSA."  *AirDefense*, 2006 WL 2092053, at * 6 (citations and internal

24   quotation marks omitted).  Here, Plaintiff's conversion claim arises out of Defendants' alleged

25   misappropriation of Plaintiff's confidential information, the identical nucleus of facts as its trade

26   secret misappropriation claim.  "If the other claims are no more than a restatement of the same

27   operative facts which would plainly and exclusively" constitute trade secret misappropriation,

28   "then dressing those claims up in different clothing is not likely to be found consistent with the

7

1    preemption dictates of [the] UTSA." *Callaway*, 318 F. Supp. 2d at 220 (applying the CUTSA

2    and holding that common law claims, including conversion, were preempted). Here, the

3    conversion claim is not based on any allegations that do not underlie the trade secrets claim.

4    Therefore, Plaintiff's claim for conversion is preempted and must be dismissed.

5            **F.      Plaintiff Cannot Avoid Dismissal of Its Tort Claims by Asserting That Any of
               Its Proprietary Information Is Not a Trade Secret**

6

7            Plaintiff cannot argue that the CUTSA preemption provision does not apply because some

8    of Plaintiff's proprietary information does not rise to the level of a trade secret. If the information

9    Plaintiff alleges to have been misappropriated *is* a trade secret, then common law tort claims

10   based on the use of that information are preempted. *See AirDefense,* 2006 WL 2092053 at * 3-4.

11   If the information is not a trade secret, then Defendants have a right to use it, unless proscribed by

12   contract or patent law. Cal. Civ. Code § 3426.7. The CUTSA preemption provision leaves no

13   middle ground; if Plaintiff's proprietary information is not a protectable trade secret, then it can

14   only be protected through non-preempted causes of action such as breach of contract or patent

15   infringement.

16   **III.    COUNT 3 (CONSTRUCTIVE TRUST) IS NOT A VALID CAUSE OF ACTION
              UNDER CALIFORNIA COMMON LAW**

17

18           Plaintiff's third cause of action (for "constructive trust") is "not an independent cause of

19   action but merely a type of remedy for some categories of underlying wrong." *Glue-Fold, Inc. v.

20   Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n. 3 (2000); *see also Batt v. San Francisco*, 155

21   Cal. App. 4th 65, 82 (2007); 5 B.E. Witkin, California Procedure § 840 (5th ed. 2008). Because

22   constructive trust alone does not constitute an independent cause of action, Count 3 must also be

23   dismissed. *Id.* Even if "constructive trust" existed as a cause of action, it would be preempted by

24   the CUTSA, because it is based on the identical nucleus of facts as Plaintiff's trade secret claim

25   and is not exempted by the CUTSA's savings clause. Cal. Civ. Code § 3426.7(b); *KC

26   Multimedia*, 171 Cal. App. 4th at 962.

27

28

                                            8

1

**CONCLUSION**

2      For the foregoing reasons, Defendants respectfully request that the Court dismiss Counts

3  2, 3, 4, and 5 of Plaintiff's Amended Complaint.

4  Dated: October 8, 2009

5                                                    STEPHEN J. AKERLEY
                                                     ERIC J. AMDURSKY
6                                                    PETER T. SNOW
                                                     JILLIAN R. WEADER

7                                                    O'MELVENY & MYERS LLP

8

9                                          By:_____
10                                               Stephen J. Akerley
                                                 Attorneys for Defendants
11                                               DeviceVM, Inc. and Benedict Chong

12

13     MP1:1184328.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS
CASE NO.  C 09-04697