STEPHEN J. AKERLEY (S.B. #160757)
   sakerley@omm.com
ERIC AMDURSKY (S.B. #180288)
   eamdursky@omm.com
PETER T. SNOW (S.B. #222117)
   psnow@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

JILLIAN R. WEADER (S.B. #251311)
   jweader@omm.com
O'MELVENY & MYERS LLP
2 Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

Attorneys for Defendants
DeviceVM, INC. a Delaware corporation, and
BENEDICT CHONG, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOENIX TECHNOLOGIES, LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEVICEVM, Inc., a Delaware corporation, and BENEDICT CHONG, an individual,<br><br>Defendants.<br><hr>DEVICEVM, Inc., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PHOENIX TECHNOLOGIES LTD., a Delaware corporation,<br><br>Counterclaim-defendant. | CASE NO. C 09-04697-CW (EDL)<br><br>**DEFENDANT DEVICEVM, INC.'S ANSWER TO PHOENIX TECHNOLOGIES LTD.'S FIRST AMENDED COMPLAINT**<br><br>Judge:   Claudia Wilken<br>Court:   Courtroom 2, Fourth Floor |

Defendant DeviceVM, Inc., ("DeviceVM"), through its attorneys O'Melveny & Myers LLP, for its Answer to Phoenix Technologies Ltd.'s First Amended Complaint (the "Amended Complaint"), admits, denies, and alleges as follows:

## THE PARTIES

1. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and, on that basis, denies those allegations.

2. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and, on that basis, denies those allegations.

3. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and, on that basis, denies those allegations.

4. DeviceVM admits the allegations in paragraph 4.

5. DeviceVM admits the allegations in paragraph 5.

6. DeviceVM admits that Defendant Benedict Chong ("Chong") is employed by DeviceVM. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 6, and, on that basis, denies those allegations.

## BACKGROUND ALLEGATIONS

7. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and, on that basis, denies those allegations.

8. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and, on that basis, denies those allegations.

9. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and, on that basis, denies those allegations.

10. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and, on that basis, denies those allegations.

11. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and, on that basis, denies those allegations.

12. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and, on that basis, denies those allegations.

13. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and, on that basis, denies those allegations.

14. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and, on that basis, denies those allegations.

15. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and, on that basis, denies those allegations.

16. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and, on that basis, denies those allegations.

17. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and, on that basis, denies those allegations.

18. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and, on that basis, denies those allegations.

19. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and, on that basis, denies those allegations.

20. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and, on that basis, denies those allegations.

21. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and, on that basis, denies those allegations.

22. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and, on that basis, denies those allegations.

23. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and, on that basis, denies those allegations.

24. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and, on that basis, denies those allegations.

25. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and, on that basis, denies those allegations.

26. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and, on that basis, denies those allegations.

27. DeviceVM admits that DeviceVM hired Chong in January 2007. As to the remainder of paragraph 27, DeviceVM denies those allegations.

28. DeviceVM admits that it filed United States Provisional Patent Application No. 60/890,121, on February 15, 2007, that the Application is entitled "Instant On Appliances," and that Chong is one of the named inventors on the application. Except as expressly admitted, DeviceVM denies each and every remaining allegation in paragraph 28.

29. DeviceVM admits that on July 2, 2007, DeviceVM filed United States Patent Application No. 11/772,700, entitled "Method and Apparatus for Virtualization of Appliances" and that Chong is a named inventor on the application. DeviceVM admits that Application No. 11/772,700 claimed priority to Provisional Patent Application No. 60/890,121, and ultimately issued as United States Patent No. 7,441,113. DeviceVM admits that Splashtop® practices at least some of the claims of United States Patent No. 7,441,113.

30. DeviceVM admits the allegations in paragraph 30 of the Amended Complaint.

31. DeviceVM admits the allegations in paragraph 31 of the Amended Complaint.

32. DeviceVM admits that it filed United States Patent Application No. 12/200,758, entitled "Method and Apparatus for Virtualization of Appliances," on August 28, 2008, and that Chong is a named inventor on the application. DeviceVM denies that United States Patent Application No. 12/200,758 is a continuation of the '113 Patent. DeviceVM admits that United States Patent Application No. 12/200,758 is a continuation of United States Patent Application No. 11/772,700.

33. DeviceVM admits that it filed United States Patent Application No. 12/239,701, entitled "Installation of a Virtualization Environment," on September 26, 2008, that Chong is a named inventor, and that the application is a continuation of United States Patent Application No. 12/200,758. As to the remainder of paragraph 33, DeviceVM denies those allegations.

34. DeviceVM denies each and every allegation in paragraph 34 of the Amended Complaint.

35. DeviceVM denies each and every allegation in paragraph 35 of the Amended Complaint.

36. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of Phoenix's allegations regarding its awareness of the alleged facts, and, on that basis, denies these allegations. DeviceVM further lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Chong's actions before he was employed by DeviceVM, and on that basis, denies these allegations. As to the remainder of paragraph 36, DeviceVM denies those allegations.

## FIRST CAUSE OF ACTION

## BEACH OF CONTRACT

## (AGAINST CHONG)

37. Answering paragraph 37, DeviceVM repeats and realleges its responses to paragraphs 1 through 36 of the Amended Complaint as if fully set forth herein.

38. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and, on that basis, denies those allegations.

39. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and, on that basis, denies those allegations.

40. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and, on that basis, denies those allegations.

## SECOND CAUSE OF ACTION

## INTERFERENCE WITH CONTRACT

## (AGAINST DEVICEVM)

41. Answering paragraph 41, DeviceVM repeats and realleges its responses to paragraphs 1 through 40 of the Amended Complaint as if fully set forth herein.

42. DeviceVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and, on that basis, denies those allegations.

43. DeviceVM denies each and every allegation in paragraph 43 of the Amended Complaint.

44. DeviceVM denies each and every allegation in paragraph 44 of the Amended Complaint.

45. DeviceVM denies each and every allegation in paragraph 45 of the Amended Complaint.

46. DeviceVM denies each and every allegation in paragraph 46 of the Amended Complaint.

## THIRD CAUSE OF ACTION

## CONSTRUCTIVE TRUST

47. Answering paragraph 47, DeviceVM repeats and realleges its responses to paragraphs 1 through 46 of the Amended Complaint as if fully set forth herein.

48. DeviceVM denies each and every allegation in paragraph 48 of the Amended Complaint. This claim was dismissed by the Court in its December 8, 2008 Order.

49. DeviceVM denies each and every allegation in paragraph 49 of the Amended Complaint. This claim was dismissed by the Court in its December 8, 2008 Order.

50. DeviceVM denies each and every allegation in paragraph 50 of the Amended Complaint. This claim was dismissed by the Court in its December 8, 2008 Order.

## FOURTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

## (AGAINST ALL DEFENDANTS)

51. Answering paragraph 51, DeviceVM repeats and realleges its responses to paragraphs 1 through 50 of the Amended Complaint as if fully set forth herein.

52. DeviceVM denies each and every allegation in paragraph 52 of the Amended Complaint.

53. DeviceVM denies each and every allegation in paragraph 53 of the Amended Complaint.

54. DeviceVM denies each and every allegation in paragraph 54 of the Amended Complaint.

55. DeviceVM denies each and every allegation in paragraph 55 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

## CONVERSION

56. Answering paragraph 56, DeviceVM repeats and realleges its responses to paragraphs 1 through 55 of the Amended Complaint as if fully set forth herein.

57. DeviceVM denies each and every allegation in paragraph 57 of the Amended Complaint.

58. DeviceVM denies each and every allegation in paragraph 58 of the Amended Complaint.

59. DeviceVM denies each and every allegation in paragraph 59 of the Amended Complaint.

60. DeviceVM denies each and every allegation in paragraph 60 of the Amended Complaint.

## SIXTH CAUSE OF ACTION

## TRADE SECRET MISAPPROPRIATION

## (AGAINST ALL DEFENDANTS)

61. Answering paragraph 61, DeviceVM repeats and realleges its responses to paragraphs 1 through 60 of the Amended Complaint as if fully set forth herein.

62. DeviceVM denies each and every allegation in paragraph 62 of the Amended Complaint.

63. DeviceVM denies each and every allegation in paragraph 63 of the Amended Complaint.

64. DeviceVM denies each and every allegation in paragraph 64 of the Amended Complaint.

65. DeviceVM denies each and every allegation in paragraph 65 of the Amended Complaint.

## PRAYER FOR RELIEF

To the extent that any response is required to Plaintiffs' Prayer for Relief, DeviceVM denies each and every allegation contained in the Prayer for Relief.

## AFFIRMATIVE DEFENSES OF DEVICEVM

DeviceVM alleges the following as separate and affirmative defenses to the Amended Complaint. By virtue of having listed the following defenses, DeviceVM does not assume any legal or factual burden not otherwise assigned to it under the law:

### First Affirmative Defense

(Failure to State a Claim Upon Which Relief Can be Granted)

The Amended Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(No Malice/Good Faith Belief)

Phoenix's claims are barred, in whole or in part, because at all times and places mentioned in the Amended Complaint, DeviceVM acted without malice and with a good faith belief in the propriety of its conduct.

### Third Affirmative Defense

(Unclean Hands)

Phoenix's claims are barred, in whole or in part, to the extent Phoenix has unclean hands with respect to the events and claims alleged in the Amended Complaint.

### Fourth Affirmative Defense

(Waiver)

Phoenix's claims are barred, in whole or in part, to the extent Phoenix has failed to pursue, or waived, its rights to seek relief in whole or in part, with respect to the claims alleged in the Amended Complaint.

### Fifth Affirmative Defense

(Estoppel)

Phoenix's claims are barred to the extent Phoenix is estopped, in whole or in part, from seeking relief or asserting any of the claims alleged in the Amended Complaint.

### Sixth Affirmative Defense

(Reasonable Care)

Phoenix's claims are barred, in whole or in part, because DeviceVM exercised reasonable care in taking any actions alleged in the Amended Complaint.

### Seventh Affirmative Defense

(Preemption)

Phoenix's claims (with the exception of breach of contract) are barred, because they are preempted by the California Uniform Trade Secrets Act.

### Eighth Affirmative Defense

(Notice)

Phoenix's claims are barred, in whole or in part, because the Amended Complaint lacks sufficient specificity to provide the requisite notice of the claims being asserted against DeviceVM.

### Ninth Affirmative Defense

(Conduct Not "Unlawful")

Phoenix's claims are barred, in whole or in part, because any alleged conduct of DeviceVM was not "unlawful," within the meaning of Cal. Business & Professions Code § 17200 or otherwise.

### Tenth Affirmative Defense

(Conduct Not "Unfair")

Phoenix's claims are barred, in whole or in part, because any alleged conduct of DeviceVM was not "unfair," within the meaning of Cal. Business & Professions Code § 17200 or otherwise.

### Eleventh Affirmative Defense

(Conduct Constitutes Fair Competition)

Phoenix's claims are barred, in whole or in part, because DeviceVM's alleged conduct constitutes fair competition.

### Twelfth Affirmative Defense

(Conduct Not "Fraudulent" Nor "Likely to Mislead")

Phoenix's claims are barred, in whole or in part, because any alleged conduct of DeviceVM was not "fraudulent" nor "likely to mislead" the general public within the meaning of Cal. Business & Professions Code § 17200 or otherwise.

### Thirteenth Affirmative Defense

(Independent Development)

Phoenix's claims are barred, in whole or in part, because any allegedly misappropriated material resulted from independent development and creation by DeviceVM.

### Fourteenth Affirmative Defense

(No Trade Secrets at Issue)

Phoenix's claims are barred, in whole or in part, because the information allegedly misappropriated does not constitute trade secrets.

### Fifteenth Affirmative Defense

(Alleged Trade Secrets Obtained by Proper Means)

Phoenix's claims are barred, in whole or in part, because DeviceVM obtained the alleged trade secrets by proper means or independently developed them.

### Sixteenth Affirmative Defense

(Alleged Trade Secrets Known or Readily Available)

Phoenix's claims are barred, in whole or in part, in that the alleged trade secrets were known or readily available to the relevant industry and/or by persons who could obtain economic benefit from the information and were in the public domain.

### Seventeenth Affirmative Defense

(Breaches of Contract Privileged and/or Justified)

Phoenix's claims are barred, in whole or in part, because Defendants' alleged conduct was privileged and/or justified.

**Eighteenth Affirmative Defense**

(Alleged Damages Resulted from Phoenix's Actions or Omissions)

Phoenix's claims are barred, in whole or in part, because any damages resulted from Phoenix's own negligence, lack of reasonable care, lack of due diligence, recklessness, or assumption of the risk.

**Nineteenth Affirmative Defense**

(No Basis to Award Punitive Damages)

Phoenix is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because, *inter alia*:

    a. Phoenix has failed to plead facts sufficient to support allegations of oppression, fraud and/or malice. Cal. Civ. Code § 3294(a); and/or

    b. Phoenix has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Phoenix or that DeviceVM was motivated by evil motive or intent; and/or

    c. DeviceVM did not commit any alleged oppressive, fraudulent or malicious act, did not authorize or ratify such an act, and did not have advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employ any such employee or employees with a conscious disregard of the rights or safety of others. Cal. Civ. Code § 3294(b); and/or

    d. Phoenix's prayers for punitive damages are barred by the Contract Clause (Article r, Section 10, Clause J,), the Due Process Clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the Excessive Fines Clause (Eight Amendment) of the United States Constitution and corresponding provisions of the California Constitution.

**Twentieth Affirmative Defense**

(No Basis for Injunctive Relief)

Phoenix has failed to allege facts providing a legal or factual basis sufficient to support any award of injunctive relief against DeviceVM under any of the claims alleged in the Amended Complaint.

### Twenty-first Affirmative Defense

(Statute of Limitations)

Phoenix's claims are barred, in whole or in part, by reason of the applicable statutes of limitations.

### Twenty-second Affirmative Defense

(Defendant Not Proximate Cause of Plaintiff's Alleged Damages)

Phoenix is not entitled to any award of damages against DeviceVM, because no act or omission of DeviceVM was a substantial factor in bringing about the damages alleged in the Amended Complaint and was not a contributing cause thereof, but was superseded by the acts or omissions of Phoenix and/or third persons not parties to this action, which were independent, intervening, and the proximate cause of any damages allegedly suffered by Phoenix.

### Twenty-third Affirmative Defense

(Failure to Mitigate)

The relief requested by Phoenix is barred, in whole or in part, because of Phoenix's failure to mitigate damages, if any.

### Twenty-fourth Affirmative Defense

(Speculative Damages)

Phoenix is not entitled to any damages because any damages are speculative, uncertain, vague, and not foreseeable to Defendants.

### Twenty-fifth Affirmative Defense

(Adequate Remedy at Law)

Phoenix is not entitled to injunctive or other equitable relief in this action, because Phoenix has an adequate remedy at law.

### Twenty-sixth Affirmative Defense

(Irreparable Harm)

Phoenix is not entitled to injunctive or other equitable relief in this action, because Phoenix will not suffer irreparable harm due to any conduct of Defendants.

### Twenty-seventh Affirmative Defense

### (Unjust Enrichment)

Phoenix's claims are barred, in whole or in part, because recovery on such claims would result in unjust enrichment to Phoenix.

### Twenty-eighth Affirmative Defense

### (Single Recovery of Damages)

Phoenix's claims are barred, in whole or in part, because Phoenix is limited to a single recovery of damages on its claims and cannot recover compensatory damages in excess of its actual purported losses, if any.

### Twenty-Ninth Affirmative Defense

### (Release)

Phoenix's claims are barred, in whole or in part, on the basis of the release of claims signed by Phoenix on December 2, 1999.

### Thirtieth Affirmative Defense

### (Other Defenses May Exist)

DeviceVM may have additional, as yet unidentified, defenses because the Amended Complaint does not describe the claims or events with sufficient particularity to permit DeviceVM to ascertain what other defenses may exist. DeviceVM therefore reserves the right to assert all defenses that may pertain to the Amended Complaint once the precise nature of such claims is ascertained.

///
///
///
///
///
///
///
///

WHEREFORE, DeviceVM prays for judgment as follows:

1. For a judgment and decree dismissing the Amended Complaint with prejudice;

2. For a judgment and decree awarding costs, including attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 21, 2009

STEPHEN J. AKERLEY
ERIC J. AMDURSKY
PETER T. SNOW
JILLIAN R. WEADER

O'MELVENY & MYERS LLP


By: /s/ Eric J. Amdursky
Eric J. Amdursky
Attorneys for Defendant and
Counterclaimant DeviceVM, Inc.