1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 OAKLAND DIVISION

| | |
|---|---|
| 11 PHOENIX TECHNOLOGIES LTD., a Delaware corporation, | Case No.  4:09-cv-04697-CW (EDL) |
| 12                     Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 13         vs. | Judge:  Hon. Claudia Wilken |
| 14 DEVICEVM, INC., a Delaware corporation, and BENEDICT CHONG, an individual, | Complaint filed:     July 17, 2009 |
| 15                     Defendants. | Trial Date:          None Set |
| 16 | |

17 <u>**ORDER**</u>

18        For good cause showing, it appears to the satisfaction of the Court that this is a proper case

19 for entry of a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, to

20 protect the confidential information of all parties and third party witnesses as may be necessary

21 during the litigation of this case.

22        **IT IS HEREBY ORDERED:**

23        During this action, with respect to any information, testimony, documents, or things

24 obtained by any Party to this action in response to any discovery where such items are asserted to

25 contain or comprise trade secret, confidential, proprietary, or private information, the following

26 procedures shall be employed and following restrictions shall govern:

27        1.        <u>**PURPOSES AND LIMITATIONS**</u>

28        Disclosure and discovery activity in this action are likely to involve production of trade

- 1 -

1   secret, confidential, proprietary, or private information for which special protection from public

2   disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

3   Accordingly, it is the purpose of this Protective Order to allow Parties to have reasonable access to

4   information from Parties and third parties responding to subpoenas, while protecting the alleged

5   trade secret, confidential, proprietary, or private information under Rule 26 of the Federal Rules of

6   Civil Procedure without frequent resort to determinations of discoverability by the Court.  Plaintiff

7   and Defendants acknowledge that this Order does not confer blanket protections on all disclosures

8   or responses to discovery and that the protection it affords extends only to the limited information

9   or items that are entitled under the applicable legal principles to treatment as confidential. The

10  parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement

11  to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must

12  be followed and reflects the standards that will be applied when a party seeks permission from the

13  court to file material under seal.

14      **2.**   **DEFINITIONS**

15          2.1   <u>Party</u>: means any party to this action, including all of its officers, directors,

16  employees, consultants, retained experts, and outside counsel (and their support staff).

17          2.2   <u>Disclosure or Discovery Material</u>: means all items or information, regardless

18  of the medium or manner generated, stored, or maintained (including, among other things,

19  testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses

20  to discovery in this matter.

21          2.3   <u>"Confidential" Information or Items</u>: means information (regardless of how

22  generated, stored or maintained) or tangible things that qualify for protection under standards

23  developed under F.R.Civ.P. 26(c).  This designation includes but is not limited to information which

24  the Designating Party: (a) would not normally reveal to third parties except in confidence or has

25  undertaken with others to maintain in confidence, or (b) believes in good faith is confidential and/or

26  protected by a right to privacy guaranteed by the laws of the United States or California or any other

27  applicable privilege or right related to confidentiality or privacy.  This designation does not include

28  information that was publicly known prior to disclosure, or that, after disclosure, becomes publicly

- 2 -

1  known as a result of publication by one having right to do so.

2          2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: means

3  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

4  nonparty would create a substantial risk of serious injury that could not be avoided by less

5  restrictive means.   Information may also be designated "Highly Confidential – Attorneys' Eyes

6  Only" if the Designating Party believes in good faith that the information is significantly sensitive,

7  including without limitation trade secrets or other confidential research, development, or

8  commercial information; financial, commercial, product planning, and marketing information;

9  business and goodwill valuations and analyses; industry analyses; customer information; or other

10  information protected by any right to privacy guaranteed by the laws of the United States or

11  California, such that disclosure to another Party or non-party would create a significant risk of

12  material injury.

13          2.5     Receiving Party: means a Party that receives Disclosure or Discovery

14  Material from a Producing Party.

15          2.6     Producing Party: means a Party or non-party that produces Disclosure or

16  Discovery Material in this action.

17          2.7     Designating Party: means a Party or non-party that designates information or

18  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

19  Confidential — Attorneys' Eyes Only."

20          2.8     Protected Material: means any Disclosure or Discovery Material that is

21  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

22          2.9     Outside Counsel: means attorneys who are counsel of record and who reside

23  and are located in the United States.

24          2.10    House Counsel: means attorneys who are employees of a named party in this

25  lawsuit.

26          2.11    Counsel (without qualifier): means Outside Counsel and House Counsel (as

27  well as their support staffs).

28          2.12    Expert: means a person with specialized knowledge or experience in a matter

- 3 -

STIPULATED PROTECTIVE ORDER                              CASE NO. 4:09-cv-04697-CW (EDL)

1  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

2  witness or as a consultant in this action, who resides and is located in the United States, and who is

3  not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of

4  retention, is not anticipated to become an employee of a Party or a competitor of a Party. This

5  definition includes a professional jury or trial consultant retained in connection with this litigation.

6      2.13    <u>Professional Vendors</u>: means persons or entities that are located in the United

7  States and provide litigation support services (e.g., photocopying; videotaping; translating;

8  preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium;

9  etc.) and their employees and subcontractors.

10    **3.    <u>SCOPE</u>**

11      The protections conferred by this Order cover not only Protected Material (as defined

12  above), but also any information copied or extracted there from, as well as all copies, excerpts,

13  summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or

14  counsel to or in court or in other settings that might reveal Protected Material.

15      The restrictions as to use or dissemination of Protected Material, set forth in any of the

16  preceding paragraphs, shall not apply as to: (a) any information which at the time of the designation

17  under this Order is available to the general public; (b) any information which after designation

18  under this Order becomes available to the public through no act, or failure to act, attributable to the

19  Receiving Party or its Counsel; and (c) any information which the Receiving Party, its Counsel, or

20  any recipient of Protected Material under this Order can show as a matter of written record was

21  already known to the Receiving Party and/or the public through means other than by a violation of

22  this Order, a confidentiality contract or agreement, and/or any violation of Federal or state law.  The

23  party asserting exceptions (a) – (c) and others, to this paragraph shall bear the burden of proof

24  thereof.

25    **4.    <u>DURATION</u>**

26      Even after the termination of this litigation, the confidentiality obligations imposed by this

27  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

28  otherwise directs.

**5.**      **DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

- 5 -

1  ATTORNEYS' EYES ONLY").

2              A Party or non-party that makes original documents or materials available for

3  inspection need not designate them for protection until after the inspecting Party has indicated

4  which material it would like copied and produced.  During the inspection and before the

5  designation, all of the material made available for inspection shall be deemed "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

7  documents it wants copied and produced, the Producing Party must determine which documents, or

8  portions thereof, qualify for protection under this Order, then, before producing the specified

9  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

10  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page

11  that contains Protected Material at its expense.  Said designation must be made by the producing

12  party within seven calendar days of copying.  If only a portion or portions of the material on a page

13  qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

14  by making appropriate markings in the margins) and must specify, for each portion, the level of

15  protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY").

17              (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

18  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

19  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

20  any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21  ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to

22  protection, and when it appears that substantial portions of the testimony may qualify for protection,

23  the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before

24  the deposition or proceeding is concluded) a right to have up to fifteen (15) court days from the date

25  of the deposition to identify the specific portions of the testimony as to which protection is sought

26  and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are

28  appropriately designated for protection within fifteen (15) court days shall be covered by the

1    provisions of this Protective Order.

2                   Transcript pages containing Protected Material must be separately bound by

3    the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

5    nonparty offering or sponsoring the witness or presenting the testimony.

6                   A Designating Party shall have the right to exclude from attendance during

7    any part of a deposition any person other than those persons identified in Paragraph 7.2 and/or 7.3

8    upon an objection that the Protected Information and/or Materials subject to testimony is

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if it is

10   reasonably expected that the testimony during that part of the deposition will disclose such

11   information and/or materials.

12                  Notwithstanding anything to the contrary in this Order, any deponent may

13   review the transcript of his own deposition in compliance with the Federal Rules of Civil Procedure.

14                  (c) <u>for information produced in some form other than documentary</u>, and for

15   any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

16   container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

17   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information

18   or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

19   portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

20   Eyes Only."

21           5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure

22   to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

23   – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to

24   secure protection under this Order for such material.  If material is appropriately designated after

25   the material was initially produced, the Receiving Party, on timely notification of the designation,

26   must make reasonable efforts to assure that the material is treated in accordance with the provisions

27   of this Order, and must use its best efforts to retrieve any Protected Material from any person not

28   eligible to receive Protected Material under this Order.

1         If a Receiving Party receives materials that have not been designated

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", but which

3   the Receiving Party has reason to believe are "HIGHLY CONFIDENTIAL -- ATTORNEYS'

4   EYES ONLY", the Receiving Party shall notify the Producing Party of its receipt of such materials

5   and inquire as to its proper designation under this Order.  If any person required to produce

6   documents inadvertently produces any Protected Material without marking it with an appropriate

7   legend, the Producing Party may give written notice to the Receiving Party, including appropriately

8   stamped copies of the Protected Material, that the document, thing, or response is deemed Protected

9   Material and should be treated as such in accordance with the provisions of this Order.

10   **6.**     **DESIGNATION NOT DETERMINATIVE OF STATUS - RIGHT TO**

11          **CHALLENGE**

12         The designation of Discovery Material as "Protected Material" shall not be taken as a

13   determination or admission by any Party that such Discovery Material is in fact protectable as a

14   trade secret or otherwise.  The designation of Discovery Material as being "Protected Material"

15   does not alter or enhance the nature of that Discovery Material or its confidentiality or create a non-

16   challengeable presumption of confidentiality.

17         6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's

18   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

19   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

20   its right to challenge a confidentiality designation by electing not to mount a challenge promptly

21   after the original designation is disclosed.

22         6.2     Notice of Objection.  A Party that elects to initiate a challenge to a

23   Designating Party's confidentiality designation must do so in good faith and must begin the process

24   by serving a written notice of objection, which shall identify the specific Protected Materials as to

25   which the designation is challenged and stating a basis for each challenge ("Notice of Objection").

26   Service of a Notice of Objection shall be made by facsimile and/or by email to Outside Counsel of

27   the Designating Party.

28         6.3     Meet and Confer. Within five (5) court days after service of a Notice of

1  Objection, the parties shall meet and confer regarding the challenging party's objections by

2  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient).  In

3  conferring, the Designating Party must make a good faith effort to explain the basis for its belief

4  that the confidentiality designation was proper.

5          6.4    Response to Objection.  If no change in designation is offered during meet

6  and confer or within five (5) court days thereafter, the challenged material shall be deemed de-

7  designated unless the Designating Party serves by fax and/or email a written Response to the Notice

8  of Objection within that 5-day period setting forth the legal and factual grounds upon which the

9  Designating Party bases its position that the materials should maintain the original designation or

10 for designating the material otherwise.

11         6.5    Judicial Intervention. A Party that elects to press a challenge to a

12 confidentiality designation after considering the justification offered by the Designating Party may

13 file and serve a motion pursuant to Civil Local Rules 7 and 37 (and in compliance with Civil Local

14 Rule 79-5, if applicable) and this Court's Standing Orders that identifies the challenged material and

15 sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a

16 competent declaration that affirms that the movant has complied with the meet and confer

17 requirements imposed in the preceding paragraph and that sets forth with specificity the justification

18 for the confidentiality designation that was given by the Designating Party in the meet and confer

19 dialogue.  In the event of a motion to change the designation, the material at issue may be submitted

20 to the Court for in camera inspection.  The burden of persuasion in any such challenge proceeding

21 shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue

22 to afford the material in question the level of protection to which it is entitled under the Producing

23 Party's designation.

24     **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

25         7.1    Basic Principles.  A Receiving Party may use Protected Material that is

26 disclosed or produced by another Party or by a non-party in connection with this case only for

27 prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

28 disclosed only to the categories of persons and under the conditions described in this Order.  When

1   the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph

2   12, below (FINAL DISPOSITION).

3          All Protected Material and copies thereof must be stored and maintained by a

4   Receiving Party or Expert at a location in the Continental United States, shall not be accessed via

5   electronic means in a foreign country and stored in a secure manner that ensures that access is

6   limited to the persons authorized under this Order.

7          7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

8   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

9   disclose any information or item designated CONFIDENTIAL only to:

10          (a) the Receiving Party's Outside Counsel, as well as employees of said

11   counsel to whom it is reasonably necessary to disclose the information for this litigation;

12          (b) the officers, directors, and employees (including House Counsel) of the

13   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

14   the "Agreement to Be Bound by Protective Order" (Exhibit A);

15          (c) Experts (as defined in this Order) of the Receiving Party, (1) to whom

16   disclosure is reasonably necessary for this litigation; (2) who have signed the "Agreement to Be

17   Bound by Protective Order" (Exhibit A); and (3) as to whom the procedures set forth in paragraph

18   7.5, below, have been followed;

19          (d) the Court and its personnel;

20          (e) court reporters, their staffs, and professional vendors to whom disclosure

21   is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

22   Protective Order" (Exhibit A);

23          (f) during their depositions and/or trial, witnesses in the action to whom

24   disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective

25   Order" (Exhibit A).  However, such witnesses shall not retain Protected Materials.  Pages of

26   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

27   separately bound by the court reporter and may not be disclosed to anyone except as permitted

28   under this Protective Order; and

STIPULATED PROTECTIVE ORDER                          CASE NO. 4:09-cv-04697-CW (EDL)

1    (g) Persons who appear by express written evidence on the face of Protected

2 Material marked CONFIDENTIAL as an author, addressee, recipient or source thereof.

3    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4 Information or Items. Unless otherwise ordered by the court or permitted in writing by the

5 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

6 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7    (a) the Receiving Party's Outside Counsel, as well as employees of said

8 Counsel to whom it is reasonably necessary to disclose the information for this litigation purposes

9 only, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto

10 as Exhibit A;

11    (b) Experts (as defined in this Order): (1) to whom disclosure is reasonably

12 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

13 (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.5, below, have been

14 followed, and who reside and are located in the United States;

15    (c) the Court and its personnel;

16    (d) court reporters, their staffs, and professional vendors to whom disclosure

17 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

18 Protective Order" (Exhibit A); and

19    (e) persons who appear on the face of Protected Materials marked "HIGHLY

20 CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author, addressee, recipient or source

21 thereof, so long as the materials remain in the possession, custody or control of Outside Counsel

22 and/or the party who produced and designated the Protected Material when reviewing them, with no

23 copies or notes being made.

24

25    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the

26 Receiving Party shall not store, maintain, transmit, use or disclose any information, document or

27 item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" outside the

28 Continental United States.

STIPULATED PROTECTIVE ORDER                          CASE NO. 4:09-cv-04697-CW (EDL)

7.4     Procedures for Approving Disclosure of "CONFIDENTIAL" Information or Items to House Counsel and Officers and Employees of a Receiving Party:

(a) Unless otherwise ordered by the Court or agreed in writing by the Parties, each Party shall identify the officer(s), employee(s) or House Counsel to whom the Party will be disclosing information or items that have been designated "CONFIDENTIAL" by sending written notice (by fax and email) to Outside Counsel of every other Party that sets forth: (1) the identity of such House Counsel, officer(s) or employee(s) (including full name, title, professional address, professional affiliations and all other present employment and/or consultancies); and (2) a certification by the Party that disclosure is reasonably necessary for this litigation and that each identified House Counsel, officer or employee has signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and agrees that they will not use such materials for purposes other than advising in this litigation.  Each Party receiving such notice shall have seven (7) days to object to the disclosure of any information or item that the Party has designated "CONFIDENTIAL" by sending a written objection (by fax and email) to Outside Counsel of the Party that provided the notice identifying:  (1) the specific House Counsel, officer(s), or employee(s) to whom the objection is directed; and (2) the basis for the objection  The Parties shall then meet and confer by telephone or written correspondence to resolve the dispute.  If no resolution is reached within seven (7) days of receipt of the objection, any Party to the dispute may seek resolution from the magistrate by filing a noticed motion pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

7.5     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that: (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or

- 12 -

1  entity from whom the Expert has received compensation for work in his or her areas of expertise or

2  to whom the expert has provided professional services at any time during the preceding five years,

3  and (5) identifies (by name and number of the case, filing date, and location of court) any litigation

4  in connection with which the Expert has provided any professional services during the preceding

5  five years.  The Parties shall not have any obligation under this Order to identify which Protected

6  Materials are provided to Experts unless required to do so by Court Order, by the Federal Rules of

7  Civil Procedure or the Local Rules of the Court.

8            (b) A Party that makes a request and provides the information specified in the

9  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

10  within five (5) calendar days of delivering the request, the Party receives a written objection from

11  the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

12            (c) A Party that receives a timely written objection must meet and confer

13  with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

14  agreement within 3 calendar days.  If no agreement is reached, within ten (10) court  days following

15  its objection, the Party seeking to make the disclosure to the Expert may file a motion as provided in

16  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission

17  from the Court to do so.  Any such motion must describe the circumstances with specificity, set

18  forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the

19  risk of harm that the disclosure would entail and suggest any additional means that might be used to

20  reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in

21  which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent

22  and the content of the meet and confer discussions) and sets forth the reasons advanced by the

23  Designating Party for its refusal to approve the disclosure.

24            In any such proceeding the Party opposing disclosure to the Expert shall bear

25  the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

26  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

27  In addition to the foregoing, each Expert to whom any Protected Material will be disclosed shall,

28  prior to disclosure of such material, execute the Certification of Consultant in the form attached as

- 13 -

1  Exhibit B hereto.  Outside Counsel who makes any disclosure of Protected Materials shall retain

2  each original executed Certification of Consultant and, upon written request, shall circulate copies

3  to all Outside Counsel at the termination of this action.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN ANOTHER LITIGATION**

6       If a Receiving Party is served with a subpoena or an order issued in other litigation that

7  would compel disclosure of any information or items designated in this action as

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

9  Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible)

10 immediately and in no event more than three (3) court days after receiving the subpoena or order.

11 Such notification must include a copy of the subpoena or court order.

12      The Receiving Party also must immediately inform in writing the Party who caused the

13 subpoena or order to issue in the other litigation that some or all the material covered by the

14 subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

15 deliver a copy of this Protective Order promptly to the Party in the other action that caused the

16 subpoena or order to issue.

17      The purpose of imposing these duties is to alert the interested parties to the existence of this

18 Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

19 confidentiality interests in the court from which the subpoena or order issued.  The Designating

20 Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

21 material – and nothing in these provisions should be construed as authorizing or encouraging a

22 Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

24      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

25 Material to any person or in any circumstance not authorized under this Protective Order, the

26 Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized

27 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

28 person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

1   (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

2   that is attached hereto as Exhibit A.

3       **10.**    **FILING PROTECTED MATERIAL**

4       Without written permission from the Designating Party or a court order secured after

5   appropriate notice to all interested persons, a Party may not file in the public record in this action

6   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

7   with Civil Local Rule 79-5 and this Court's Standing Orders.

8       Nothing in this Order shall prevent a party or its attorney from using any Protected Material:

9   (i) at a deposition of the Producing Party; (ii) at a hearing; (iii) to prepare for and conduct discovery

10  in this action; (iv) to support or oppose any motion made in this action; (v) to prepare for trial; (vi)

11  during trial; or (vii) during any appeal.  Under these circumstances, the use of Protected Material

12  shall be subject to this Order, the Federal Rules of Civil Procedure, this District's Local Rules, and

13  the Standing Orders of this Court.  The parties will cooperate in approaching Court for the purpose

14  of sealing proceedings if necessary to prevent the public disclosure of Protected Materials.

15      **11.**    **DESIGNATED MATERIALS OBTAINED THROUGH A SUBPOENA**

16      Where a Party serves a subpoena that compels disclosure of any information or items that

17  may constitute another Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY" materials, upon receipt of any such materials in response to a

19  subpoena, the subpoenaing Party shall temporarily treat such materials as "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY".  The subpoenaing Party shall within five (5)

21  court days after receiving any such materials provide copies to the other Party who will then have

22  five (5) court days to designate any such materials in accordance with the terms of the Protective

23  Order or such materials will be deemed to be non-confidential.

24      **12.**    **FINAL DISPOSITION**

25      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

26  calendar days after the final termination of this action, each Receiving Party must destroy or return

27  all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

28  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

- 15 -

capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision,  Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

Further, any Expert that is provided Protected Material must cooperate with Outside Counsel in the return and/or destruction of all such Protected Material in their possession, custody or control and must ensure that such material is returned and/or destroyed within five (5) court days of the termination of the action or the termination of their consultancy, which ever occurs first.  Any Expert as defined by this Order shall certify their compliance with this provision and shall deliver such certification to Outside Counsel for the Party that they have provided services for no more than five (5) court days after complying with their obligations hereunder.  Outside Counsel shall promptly deliver a copy of such certification to Outside Counsel for the Designating Party.

**13.   <u>MISCELLANEOUS</u>**

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>.  Entry of this Order does not result in the waiver of any right a Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party is will be deemed to have waived any right to object on any ground to use in evidence of any of the

- 16 -

1   material covered by this Order.

2            13.3   <u>Use Of Protected Materials By Designating Party</u>.  Nothing in this Order

3   shall limit any Designating Party's use of its own documents and information, nor shall it prevent

4   the Designating Party from disclosing its own confidential information or documents to any person.

5   Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long

6   as the disclosure of confidential information or documents is made in a manner that is reasonably

7   calculated to maintain the confidentiality of the information.

8            13.4   <u>Client Communication</u>.  Nothing in this Order shall prevent or otherwise

9   restrict Counsel from rendering advice to their clients and, in the course of rendering such advice,

10  relying upon the examination of Protected Material.  In rendering such advice and otherwise

11  communicating with the client, however, Counsel shall not make specific disclosure of any

12  Protected Materials, except as permitted by this Protective Order.

13           13.5   <u>Inadvertent or Unintentional Disclosure of Discovery Materials Subject To</u>

14  <u>Work Product Protection Or Privilege</u>.  The production of any documents, information or other

15  materials shall not constitute a waiver of the attorney-client privilege, attorney work product

16  doctrine, or any other legal privilege or immunity if, as soon as reasonably possible after the

17  Producing Party becomes aware of its inadvertent or unintentional disclosure of privileged

18  materials, the Producing Party designates such materials as within the attorney-client privilege,

19  work product immunity or other legal privilege or immunity and requests return of those materials

20  to the Producing Party.  Upon request by the Producing Party, the Receiving Party shall

21  immediately return all copies of such inadvertently produced  materials and shall destroy all notes

22  or other work product reflecting the contents of such materials, and shall delete such materials from

23  any litigation-support or other database.  Nothing herein shall prevent the Receiving Party from

24  retaining one copy of the disputed materials to challenge the proprietary of the attorney-client

25  privilege or work product immunity designation by submitting a written challenge to the Court in

26  compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

27       If a Party receives from the other Party any document or information that the Receiving

28  Party reasonably believes is subject to the attorney-client privilege or attorney work product

doctrine, the Receiving Party should promptly notify the Producing Party of the potential

inadvertent disclosure.  Upon request by the Producing Party, the Receiving Party shall immediately

return all copies of such inadvertently produced materials and shall destroy all notes or other work

product reflecting the contents of such materials, and shall delete such materials from any litigation-

support or other database.  Nothing herein shall prevent the Receiving Party from challenging the

proprietary of the attorney-client privilege or work product immunity designation by submitting a

written challenge to the Court in compliance with the Federal Rules of Civil Procedure and the

Local Rules of this Court.

13.6    Admissibility.  Unless all parties stipulate otherwise, evidence of the

existence or nonexistence of a designation under this Order shall not be admissible for any purpose

during any proceeding on the merits of this action.  Additionally, nothing contained herein shall be

construed as a waiver of any objection which might be raised as to the admissibility of any

evidentiary material at trial or any other evidentiary proceeding.

13.7    Modification; Addition of Parties to This Protective Order.

(a) All Parties reserve the right to seek modification of this Protective Order

at any time for good cause.  The Parties agree to meet and confer prior to seeking to modify this

Protective Order for any reason.  The restrictions imposed by this Protective Order may only be

modified or terminated by written stipulation of all Parties or by order of this Court.

(b) In the event that a new party is added, substituted, or brought in, this

Order will be binding on and inure to the benefit of the new party, subject to the right of the new

party to seek relief from or modification of this Order.

13.8    Protection of Non-Parties.  A non-party producing information or material

voluntarily or pursuant to a subpoena or a Court Order may designate material or information with

the appropriate designation pursuant to the terms of this Order and such non-party shall be entitled

to all rights and protections afforded to a Designating Party as defined in this Order upon executing

a written agreement (Exhibit A) to be bound hereto.  However, a non-party's use of this Order

and/or the execution of such an agreement to be bound to protect its Protected Material does not

entitle that non-party access to Protected Material produced by any other Party or non-party.

1    13.9    No Contract.  This Order shall not be construed to create a contract between

2  the parties or between the parties and their respective counsel

3    13.10   Federal Rules of Civil Procedure.  Nothing herein shall alter or change in any

4  way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court,

5  and this Court's Standing Orders.

6    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7  Dated:  January 5, 2010                MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

8                                                  /s/ Karineh Khachatourian

9                                         By:    KARINEH KHACHATOURIAN
                                                  BRYAN J. SINCLAIR
                                                  JEFFREY M. RATINOFF
10

11                                         Attorneys for Plaintiff and Counter-Defendant,
                                            PHOENIX TECHNOLOGIES LTD.
12

13  Dated:  January 5, 2010                O'MELVENY & MYERS LLP

14                                                  /s/ Peter T. Snow

15                                         By:    STEPHEN J. AKERLEY
                                                  ERIC J. AMDURSKY
                                                  PETER T. SNOW
16

17                                         Attorneys for Defendant and Counterclaimant,
                                            DEVICEVM, INC. and Defendant BENEDICT CHONG.

18

19

20

21

22

23

24

25

26

27

28

- 19 -

1

ATTESTATION

2        I, Karineh Khachatourian, am the ECF User whose ID and password are being used to file

3  this Stipulated Protective Order.  In compliance with General Order 45. X.B., I hereby attest that

4  Peter T. Snow has concurred in this filing.

5  Dated:  January 5, 2010             MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

6                        /s/ Karineh Khachatourian

7                 By:   KARINEH KHACHATOURIAN
                      BRYAN J. SINCLAIR

8                        JEFFREY M. RATINOFF

9                 Attorneys for Plaintiff and Counter-Defendant,
               PHOENIX TECHNOLOGIES LTD.

10

11        PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13         1/8/10

14  DATED: _____     _____

15                Honorable Claudia Wilken
              United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER         CASE NO. 4:09-cv-04697-CW (EDL)

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under the penalty of perjury that:

1.      I currently reside at _____.

2.      I am employed as _____

by _____.

3.      I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case of <u>Phoenix Technologies Ltd. v. DeviceVM, Inc., et al.</u>; USDC, Northern District of California Case No. 4:09-cv-04697-CW.

4.      I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

5.      I solemnly promise that I will not review, discuss, use or disclose any materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in any manner to any person or entity except in strict compliance with the provisions of this Protective Order and will use such materials only for the purpose of this action.

6.      I understand and agree that all Protected Material and copies thereof, as well as work product generated there from must be stored and maintained in a secure manner that ensures that access is limited to the persons authorized under this Order and that I will not remove, store, transmit, transfer, disseminate or send such materials to any person or location outside of the Continental United States.

7.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction and venue of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

8.      I understand and agree that any disclosure or use of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in any

1    manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt

2    of court and other sanctions.

3          9.      I understand and agree that within ten (10) business days after a request by Outside

4    Counsel for the party for which I have provided services, the termination of my consultancy or the

5    termination of this action, which ever occurs first, I must return and/or destroy all Designated

6    Material in my possession, custody or control to Outside Counsel for the party for which I have

7    provided services.  I further understand and agree that I shall certify my compliance with this

8    requirement and shall deliver such certification to Outside Counsel for the party that I have

9    provided services for no more than ten (10) business days after complying with the aforementioned

10    obligation.

11         I declare under the penalty of perjury of the laws of the United States of America that the

12    foregoing is true and correct.

13

14    Executed this __ day of _____, 2009 in _____, _____ U.S.A.:

15

16    By:      _____

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER             CASE NO. 4:09-cv-04697-CW (EDL)

1

**EXHIBIT B**

2

**CERTIFICATION OF EXPERT/CONSULTANT**

3    I, the undersigned, hereby certify that I have read the Protective Order entered in the

4    Northern District of California in the case of Phoenix Technologies Ltd. v. DeviceVM, Inc., et al.;

5    USDC, Northern District of California Case No. 4:09-cv-04697-CW, and that I have executed a

6    copy of Exhibit A - the Acknowledgement And Agreement To Be Bound.

7        I further certify that I am not employed nor currently engaged by a direct competitor of the

8    Designating Party (as of the time of the execution of this Certification) to this action, nor do I have

9    a current expectation of such engagement, and I will accept no such engagement nor discuss same

10   during the pendency of this action.   If at any time after I execute this Consultant Certification and

11   during the pendency of the Action I become engaged in business as a competitor of any person or

12   entity currently a party to this action, I will promptly inform the counsel for the party who retained

13   me in the Action, and I will not thereafter review any Protected Materials unless and until the Court

14   in the Action orders otherwise.

15       I further understand and agree that all Protected Material and work product generated there

16   from must be stored and maintained at a location in the Continental United States and in a secure

17   manner that ensures that access is limited to the persons authorized under this Order.

18       Finally, I understand and agree that within ten (10) business days after a request by Outside

19   Counsel for the party for which I have provided services, the termination of my consultancy or the

20   termination of this action, which ever occurs first, I must return and/or destroy all Designated

21   Material in my possession, custody or control to Outside Counsel for the party for which I have

22   provided services.  I further understand and agree that I shall certify my compliance with this

23   requirement and shall deliver such certification to Outside Counsel for the party that I have

24   provided services for no more than ten (10) business days after complying with the aforementioned

25   obligation.

26       I declare under penalty of perjury under the laws of the United States of America that the

27   foregoing is true and correct.

28   Name of Individual:   _____

STIPULATED PROTECTIVE ORDER                                    CASE NO. 4:09-cv-04697-CW (EDL)

1  Company or Firm: _____

2  Address: _____

3  Telephone No.: _____

4  Relationship to this action and its parties: _____

5  _____

6  _____

7  Dated: _____ Signature_____

8

9

10

11

12

MP1:1187762.1

13

14

4804143v.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:09-cv-04697-CW (EDL)