KARINEH KHACHATOURIAN (SBN 202634)
karineh.khachatourian@klgates.com
BRYAN J. SINCLAIR (SBN 205885)
bryan.sinclair@klgates.com
MICHAEL R. HAVEN (SBN 208721)
mike.haven@klgates.com
**K&L GATES LLP**
630 Hansen Way
Palo Alto, CA 94304
Telephone: 650.798.6700
Facsimile: 650.798.6701

Attorneys for Plaintiff
PHOENIX TECHNOLOGIES LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| PHOENIX TECHNOLOGIES LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEVICEVM, Inc., a Delaware corporation, and BENEDICT CHONG, an individual,<br><br>Defendants. | CASE NO. C 09-04697-CW (EDL)<br><br>**PLAINTIFF PHOENIX TECHNOLOGIES LTD.'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER BASED ON CAL. CIV. PROC. CODE § 2019.210**<br><br>Date: February 9, 2010<br>Time: 9:00 a.m.<br>Judge: Hon. Elizabeth D. Laporte<br>Ctrm: E, 15th Floor |
| DEVICEVM, Inc., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PHOENIX TECHNOLOGIES LTD., a Delaware corporation,<br><br>Counterclaim-defendant. | |

## I. INTRODUCTION

Plaintiff Phoenix Technologies, Inc. ("Phoenix") served its initial identification of trade secrets on November 16, 2009 pursuant to Code of Civil Procedure section 2019.210. In that detailed document, Phoenix describes with reasonable particularity each of the trade secrets misappropriated by Defendants DeviceVM, Inc. and Benedict Chong (collectively "Defendants"). Indeed, following a review of the disclosures in connection with Phoenix's motion to compel a third party deposition, this Court noted that "they are a lot better than a number of disclosures I've seen before," and that the disclosures "either now or soon are going to be sufficient."

Although its initial identification met the applicable legal standard for sufficiency under 2019.210, Phoenix has since amended the disclosures to identify and incorporate by reference fifty-five (55) separate documents comprising nine hundred eighty four (984) pages which provide extremely detailed information – even including highly detailed disclosures of Phoenix proprietary algorithms, architecture, methods of implementation, data structures, coding techniques, and/or program code – regarding each of the eight trade secret categories and technologies at issue.

The law requires only that Phoenix identify its trade secrets with *reasonable particularity*. Phoenix did so initially and now has gone well beyond its legal obligation. This motion is not about inadequate identification of trade secrets. Rather, Defendants are challenging the sufficiency of Phoenix's 2019.210 disclosures as a tactic to stall relevant discovery.[1] Such gamesmanship should not be permitted. The Court should deny the motion.

## II. PROCEDURAL HISTORY AND SUMMARY OF FACTS

On November 16, 2009, Phoenix served Defendants with its 2019.210 Identification of Trade Secrets (the "2019.210 Identification"). (*See* Sinclair Decl. ¶ 2). On November 30, 2009, 2009 Defendants' counsel sent a letter asserting that the 2019.210 Identification was deficient. (*See* Sinclair Decl., ¶ 3. The parties met and conferred during the week of January 4, 2010 and Phoenix's counsel explained that, while Phoenix believed that the 2019.210 Identification satisfied the

---

[1] On January 7, 2009, Defendants asserted objections to Phoenix's First Set of Interrogatories and First Set of Document Requests which are substantially founded upon the alleged deficiencies of Phoenix's 2019.210 Identification. (*See* Declaration of Bryan J. Sinclair in Support of Phoenix's Opposition to Defendants' Motion for Protective Order ¶ 5 ("Sinclair Decl.)).

requirements of California law, Phoenix would amend the 2019.210 Identification to specifically identify, and incorporate by reference, Phoenix technical documents that contain extremely detailed disclosures regarding Phoenix proprietary algorithms, architecture, methods of implementation, data structures, coding techniques, and/or program code with respect to each trade secret category included in the 2019.210 Identification. (*See* Sinclair Decl., ¶¶ 4-5). Phoenix amended the 2019.210 Identification, as promised, on January 19, 2010 and hand delivered the Amended 2019.210 Identification to counsel for Defendants. (*See* Sinclair Decl., ¶ 6). The Amended 2019.210 Identification specifically cites to, and incorporates by reference, fifty five (55) Phoenix internal technical documents which comprise nine hundred eighty four (984) pages of highly detailed technical data and information supporting each specific trade secret category. (*See* Sinclair Decl., ¶ 6).[2]

As the Court aptly noted upon initial review of the original 2019.210 Identification during the December 22, 2009 hearing, "they are a lot better than a number of disclosures I've seen before," and that the disclosures "either now or soon are going to be sufficient." (See Sinclair Decl., Exh. A). There can be no question that the Amended 2019.210 Identification specifically citing and incorporating by reference fifty five separate documents describing and disclosing detailed technical information regarding each specific trade secret is sufficient under California law.

### III.   LEGAL ARGUMENT

**A.   Section 2019.210 Requires Reasonable Particularity – Not Extraordinary Detail**

A party alleging misappropriation is required only to identify the trade secrets at issue with "reasonable particularity" before commencing discovery relating to the trade secrets. CCP § 2019.210. "[A]t this very preliminary stage of the litigation, the proponent of the alleged trade secret is not required, on pain of dismissal, to describe it with the greatest degree of particularity possible, or to reach such an exacting level of specificity that even its opponents are forced to agree the

---

[2] Due to the highly sensitive and extremely voluminous nature of the Amended 2019.210 Identification and associated Phoenix technical documents, counsel for Phoenix will bring a binder for *in camera* inspection by the Court at the hearing on Defendants' motion.

designation is adequate." *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal.App.4th 826, 836 (2005).

Thus, the "reasonable particularity" standard "does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation." *Id.* at 835. "Rather, it means that the plaintiff must make some showing that is reasonable, i.e., fair, proper, just and rational …, under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect the parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits." *Id.* at 836.

The trade secrets disclosure should be construed liberally, and reasonable doubts about its sufficiency should be resolved in favor of allowing discovery to go forward. *Brescia v. Angelin*, 172 Cal.App.4th 133, 149 (2009).

**B.     Phoenix's Initial 2019.210 Disclosure Satisfies the "Reasonably Particularity" Standard**

Phoenix's initial identification of trade secrets serves the purposes of 2019.210. It identifies and describes the eight separate methodologies and technologies at issue in this litigation. And more specifically, it lists the various elements within those methodologies and technologies which constitute Phoenix's trade secrets. This information is sufficient to provide sufficient notice as to the scope of the secrets, to frame discovery, to protect Defendants' own trade secrets (if any), and to allow Defendants a fair opportunity to prepare for trial. As such, the initial disclosures satisfy the "reasonable particularity" standard.

Still, Defendants seek extraordinary detail at a level that is not required by California law. In their moving papers, Defendants assert that Phoenix must break down and provide an exhaustive description of every feature of its trade secrets, including "exact program details," algorithms, data structures, and programming techniques. The law does not require such detail.

The authorities cited by Defendants do not fortify their tenuous position. For example, Defendants cite *Brescia v. Angelin, supra*, 172 Cal.App.4th 133, to support the contention that a higher standard applies to Phoenix in this case. Specifically, Defendants argue that "a more exacting level of particularity" is required "to distinguish the alleged trade secrets from matters already known

3

to persons skilled in that field." (Oppo at 8:10-9:15) However, the *Brescia* court held that 2019.210 *does not* require in all cases an explanation of how the trade secrets differ from the general knowledge of skilled persons in the field. "Rather, such an explanation is required only when, given the nature of the alleged secret or the technological field in which it arises, the details provided by the claimant to identify the secret are themselves inadequate to permit the defendant to learn the boundaries of the secret and investigate defenses or permit the court to understand the designation and fashion discovery." *Brescia v. Angelin, supra*, 172 Cal.App.4th at 138.

Here, Phoenix's initial disclosures are more than adequate to advance the two most important goals of 2019.210 – (1) helping the court determine the scope of relevant discovery, and (2) giving Defendants the opportunity to develop defenses. *See Id.* at 149-50. "Absent a showing that elaboration is required to serve these goals, 2019.210 should not be construed to require the claimant to explain why the alleged trade secret differs from matters already known in the industry." *Id.* at 150. Defendants have not made – and cannot make – any such showing. Therefore, Defendants' reliance on *Brescia* is misplaced.

Defendants' reliance on *Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal.App.4th 1333, is similarly unsupported. In *Perlan*, the Court of Appeal found basis in the record to support the trial court's conclusion that the plaintiff's 2019.210 disclosures were not reasonably particular *under the circumstances*. *Id.* at 1337. Those circumstances are not present here. For example, the plaintiff in *Perlan* admitted that it could not identify all of the trade secrets at issue. *Id.* at 1350. Moreover, all of the information that the plaintiff was able to describe was *publicly available*. *Id.* at 1338. Here, unlike the *Perlan* plaintiff, Phoenix has identified all of the trade secrets it alleges were misappropriated. Further, Defendants have not contended – let alone demonstrated – that any of the information provided by Phoenix in its initial disclosures is publicly available. Thus, Defendants have not established a basis for application of a higher standard or to require an explanation as to how Phoenix's trade secrets differ from information available to the general public.

Defendants also cite *Imax Corp. v. Cinema Technologies*, 152 F. 3d 1161 (9th Cir. 1998) for the proposition that Phoenix's initial identification of trade secrets is insufficient. Again, Defendants miss the mark. The issue in *Imax* was not whether a 2019.210 trade secrets disclosure was sufficient,

but whether the plaintiff's responses to *special interrogatories* were sufficient to defeat summary judgment. *Id.* at 1165-66. Finding the plaintiff had not responded in sufficient detail to the interrogatories, summary judgment was granted. *Imax* is not relevant to the issue before the Court.

Simply put, Defendants cite no authority to support their argument that Phoenix's initial trade secrets identification is insufficient. To the contrary, the identification serves the purposes of 2019.210. Phoenix should be permitted to go forward with discovery on the issue of trade secret misappropriation. The Court should deny the motion.

### C. Phoenix Amended Its 2019.210 Disclosure to Incorporate the Level of Detail Requested by Defendants

In their moving papers, Defendants assert that Phoenix's initial disclosures are insufficient because they do not describe the "actual code, algorithms, methods, means, or data that was allegedly misappropriated." As discussed above, Phoenix was and is not required to do so. Nonetheless, Phoenix has since amended its 2019.210 disclosures to incorporate by reference virtually all of the hyper-specific technical information that Defendants have requested to date.

In its Amended 2019.210 identification, Phoenix cites to numerous specific documents under each of the enumerated trade secrets which describe, in extraordinary detail, the methodologies, algorithms, functionality, architecture and other technical details of the applicable trade secrets. Specifically, Phoenix has incorporated those documents by reference into its Amended 2019.210 identification, cited and attached fifty five documents, and provided Defendants' counsel with the documents pursuant to the provisions of the Protective Order. As a result, Phoenix's disclosures are now nearly one thousand pages in length, and contain substantial technical detail relating to each and every trade secret at issue.

In light of this amended disclosure, even if Defendants were correct that Phoenix should be held to a higher standard in this case (which they are not), Phoenix has described sufficiently the trade secrets at issue. The Court should deny the motion.

## IV. CONCLUSION

Phoenix's initial disclosures describe the trade secrets misappropriated by Defendants with reasonable particularity. Nothing more is required. Notwithstanding the adequacy of Phoenix's initial disclosure, Phoenix amended the document to incorporate hyper specific technical details which comprise its trade secrets. Defendants should not be permitted to continue their delay tactics. Discovery relating to their misappropriation of Phoenix's trade secrets should go forward and the Court should deny the motion.

**K&L GATES LLP**

Dated: January 19, 2010       By: /s/ Bryan J. Sinclair
                                   Bryan J. Sinclair
                                   Attorneys for Plaintiff
                                   PHOENIX TECHNOLOGIES LTD.

6

PLAINTIFF PHOENIX TECHNOLOGIES LTD.'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER BASED ON CAL. CIV. PROC. CODE § 2019.210, CASE NO. C 09-04697-CW (EDL)